## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

WACHOVIA BANK, NATIONAL )
ASSOCIATION, )
 )
  Plaintiff, )
 )
v. ) Civil Action No. 3:09CV630-HEH
 )
LEROY L. ANDERSON, JR., *et al.*, )
 )
  Defendants. )

### MEMORANDUM OPINION
**(Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's
Motion for the Appointment of a Guardian *Ad Litem*)**

This is a claim for payment and performance brought by Wachovia Bank, N.A.,

against Leroy L. Anderson, Jr., Leroy L. Anderson, III, the Anderson Family Partnership,

LLC, and Robert J. Hanratta, Jr., (collectively "Defendants"), as guarantors on a

construction loan. It is presently before the Court on Plaintiff's Motion for Summary

Judgment (Dk. No. 12), filed on December 29, 2009, and Defendant Leroy L. Anderson,

Jr.'s Motion for the Appointment of a Guardian *Ad Litem* (Dk. No. 14), filed on January

12, 2010. Both parties have filed extensive memoranda of law supporting their respective

positions. The Court will dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court, and argument

would not aid in the decisional process. For the reasons stated herein, the Court will grant

Plaintiff's Motion for Summary Judgment and deny Defendant Leroy L. Anderson, Jr.'s

Motion for the Appointment of a Guardian *Ad Litem*.

# I.  BACKGROUND

On or about July 13, 2004, Wachovia Bank, N.A. ("Wachovia") made two loans to Bermuda Bay, LLC (the "Borrower"). The first loan (the "A&D Loan"), in the principal amount of $14,613,000.00, was for the financing of Borrower's acquisition and development of real property in the Town of Kill Devil Hills in Dare County, North Carolina. The A&D Loan was evidenced by a Promissory Note ("A&D Loan Note"), an Unconditional Guaranty ("A&D Guaranty"), a Deed of Trust, an Assignment of Rents, a Security Agreement, and a Fixture Filing, all dated July 23, 2004.[1] Each Defendant signed the A&D Guaranty. On March 30, 2006, Wachovia, the Borrower, and the Defendants agreed to a modification of the A&D Loan Note and the A&D Guaranty, which increased the loan's principal amount to $15,913,000.00.[2] As of December 18, 2009, each Defendant's liability for unpaid principal, interest, and late fees under the A&D Loan was as follows: Leroy L. Anderson, Jr.: $2,307,201.88; Leroy L. Anderson, III: $4,291,101.88; The Anderson Family Partnership, LLC: $2,307,201.88; and Robert J. Hanratta, Jr.: $3,299,151.88.

The second loan (the "Construction Loan"), in the principal amount of $6,000,000.00, was for the construction of condominium and townhouse units on the Kill

---

[1] As set forth in the A&D Guaranty, the Defendants' Pro-Rata Ownership Shares were as follows: Leroy L. Anderson, III, 25%; Robert J. Hanratta, Jr., 15%; Leroy L. Anderson, Jr., 5%; and Anderson Family Partnership 5%.

[2] A later Modification Agreement was signed on February 27, 2007, by Wachovia, the Borrower, and the Defendants, which extended the Note's maturity date to July 23, 2008.

Devil Hills property. The Construction Loan was evidenced by a Promissory Note ("Construction Loan Note"), a Loan Agreement ("Construction Loan Agreement"), an Unconditional Guaranty ("Construction Loan Guaranty"), a Deed of Trust, an Assignment of Rents, a Security Agreement, and a Fixture Filing, all dated July 23, 2004.[3] Each Defendant signed the Construction Loan Guaranty. As of December 18, 2009, each Defendant's liability for unpaid principal, interest, and late fees under the Construction Loan was as follows: Leroy L. Anderson, Jr.: $266,510.63; Leroy L. Anderson, III: $924,808.53; The Anderson Family Partnership, LLC: $266,510.63; and Robert J. Hanratta, Jr.: $595,659.58.

On September 23, 2008, Wachovia provided notification to the Defendants, as guarantors, of the Borrower's default on the A&D and Construction Loan Notes and the amount due. Defendants failed to cure the noticed default as required by the Unconditional Guaranties. Wachovia instructed the Trustee to foreclose on the two Deeds of Trust. On April 3, 2009, the foreclosure was stayed due to the Borrower's filing for Chapter 11 Bankruptcy in the Eastern District of Virginia. On January 8, 2010, the Borrower filed an Amended Chapter 11 Plan ("Bankruptcy Plan") and an Amended Disclosure Statement with the Bankruptcy Court.

In their Complaint, Wachovia alleges the Defendants unconditionally guaranteed

---

[3]    As set forth in the Construction Guaranty, the Defendants' Pro-Rata Ownership Shares were as follows: Leroy L. Anderson, III, 25%;  Robert J. Hanratta, Jr., 15%; Leroy L. Anderson, Jr., 5%; and Anderson Family Partnership 5%.

payment and performance of all obligations under the A&D and Construction Loans. Wachovia further alleges the Defendants have failed to satisfy the amounts guaranteed pursuant to the A&D and the Construction Loan Guaranties. In their October 26, 2009 Answer and January 12, 2010 Brief in Opposition to Plaintiff's Motion for Summary Judgment, the Defendants admit to guaranteeing the Notes and failing to pay any amount to Wachovia.

On January 12, 2010, Defendant Leroy Anderson, Jr., filed a Motion for the Appointment of a Guardian *Ad Litem*. In an Affidavit attached to this Motion, Leroy L. Anderson, III, son of Leroy L. Anderson, Jr., alleges that his father is elderly, suffers from dementia, and has difficulty hearing and processing information. Moreover, Leroy Anderson, III, contends his father does not comprehend what is occurring in this lawsuit nor does he understand any of the financial considerations presented. Defendant Leroy L. Anderson, Jr. is currently represented by Tessie O. Barnes Bacon, Esquire, and Frank F. Rennie, IV, Esquire, attorneys at the law firm of CowanGates, PC.

In a February 20, 2010 Order, this Court granted a Joint Motion for a Temporary Stay of Proceedings.[4] On May 6, 2010, Wachovia filed a Notice of Stay Termination

---

[4] The Order stated the stay was in effect until one of the three following circumstances occurred: (1) June 15, 2010; (2) the Court dismisses the action based on a Stipulation of Dismissal signed by counsel for all parties; (3) the date on which the Plaintiff files a notice advising that in accordance with the Settlement Agreement, the stay could no longer be in effect based on the occurrence of a Stay Termination Event.

Event ending the Court's temporary stay.[5]

## II.  ANALYSIS

### A.  Motion for Summary Judgment

When evaluating a motion for summary judgment under Rule 56, the Court must

construe all "facts and inferences to be drawn from the facts . . . in the light most

favorable to the non-moving party. . . ." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.

1990). A court will grant summary judgment only "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its

motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Nevertheless, where the record taken as a

whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue

exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, the Plaintiff alleges that under the terms of the A&D and Construction

---

[5] The Borrower triggered a Stay Termination Event by failing to make a payment of
$3,500,000 to the Plaintiff by April 30, 2010.

Loan Guaranties, the Defendants are personally liable for the Borrower's obligations to Wachovia. The Defendants argue that the Borrower's proposed Bankruptcy Plan should allow the defaulted Loans to be fully reimbursed without the enforcement of the Guaranties. They contend that in order to avoid interference with the bankrupt estate, this case should be stayed pending the Bankruptcy Plan's confirmation. Furthermore, Counsel for Defendant Leroy L. Anderson, Jr. maintains that judgment should not be entered against their client because he is currently incapacitated.

Despite these arguments, the Defendants acknowledge the Borrower's Loans are in default and their own personal obligations under the Guaranties. The Defendants, however, fail to provide any legal justification to excuse payment.[6] These concessions leave no material issue of triable fact as to the Defendants' liability. Therefore, Plaintiff's Motion for Summary Judgment will be granted. Although the questions of liability, the unpaid principal, late fees, and the rate of pre-judgment and post-judgment interest are decided by this Motion, the amount of attorneys' fees due to the prevailing party remain unresolved.[7]

---

[6] Although Defendant Leroy L. Anderson, Jr. maintains he is currently incapacitated, he never suggests his condition affected him at the time he entered into the Guaranties. Therefore, the Defendant's incapacitation argument has no bearing on his obligations under the Guaranties and does not effect this Motion for Summary Judgment.

[7] The principal, late fees, pre-judgment, and post-judgment interest amounts are as represented in Exhibit 1 of the Brief in Support of the Plaintiff's Motion for Summary Judgment. The amount of reasonable attorneys' fees will be decided at a future hearing.

**B.**     **Motion to Appoint Guardian Ad Litem**

In a separate motion, Defendant Leroy L. Anderson, Jr., asks the Court to appoint a guardian *ad litem* to represent his interests in this lawsuit. While a court has the inherent discretion to appoint a guardian *ad litem*, they are only required to do so when the requesting party is an infant or incompetent person and is otherwise unrepresented in the action. Fed. R. Civ. P. 17(c). Since Defendant Leroy L. Anderson, Jr. is currently represented by counsel, the Defendant's Motion for the Appointment of a Guardian *Ad Litem* is denied.

### III.     CONCLUSION

For the foregoing reasons, the Court will grant the Plaintiff's Motion for Summary Judgment and deny Defendant Leroy L. Anderson, Jr.'s Motion to Appoint Guardian *Ad Litem*.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this _18_ day of _May_ _2010_
Richmond, VA